IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-CV-322-FL

| | | |
|---|---|---|
| KATHRYN ROSE BENEDICT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| | ) | |
| LAUREN E. DELMASTER and | ) | |
| BARBARA ANN O'CONNOR, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendant Lauren E. Delmaster's ("Delmaster") motion to dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process. (DE 13). Plaintiff responded and, in addition, moves for extension of time to effect service. (DE 22). Delmaster does not oppose plaintiff's motion. In this posture, the issues raised are ripe for ruling. For the reasons that follow, plaintiff's motion is granted, and Delmaster's motion is denied.

## BACKGROUND

Plaintiff initiated this action September 13, 2016, seeking compensatory damages for personal injuries and property damage plaintiff sustained in an automobile accident involving Delmaster, which took place in Wilmington, North Carolina. Delmaster was driving a vehicle owned by defendant Barbara Ann O'Connor ("O'Connor"). At this time, plaintiff has not effected service upon Delmaster because her whereabouts are unknown.

In light of the foregoing, Delmaster, through counsel, moved November 3, 2016, to dismiss plaintiff's claims against her. Plaintiff responded contending that Delmaster's motion was unripe

and, in addition, requested additional time to effect service by publication. In support of her motion, plaintiff submitted records demonstrating that plaintiff used publically available online search tools in an attempt to locate Delmaster. Plaintiff also submitted evidence that she communicated with the current residents of Delmaster's former home. Thus far, plaintiff's attempts to locate Delmaster have been unsuccessful. Plaintiff seeks an extension of the deadline to serve process by publication to February 15, 2017.

**DISCUSSION**

A.      Service of Process

Under Rule 4 of the Federal Rules of Civil Procedure, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). The time limits set forth in Rule 4(m) require that plaintiff serve all defendants within 90 days after a complaint is filed . Fed. R. Civ. P. 4(m). If plaintiff fails to effect service within this 90-day window, the court, on its own motion, must dismiss the action without prejudice. Id. However, if plaintiff shows good cause for its failure to effect service, the court must extend the time allowed to effect service. Id.

In the instant matter, the court finds good cause to extend the deadline for service based on multiple factors. In particular, the fact that Delmaster is presently unreachable is beyond plaintiff's control, plaintiff has acted diligently in her efforts to ascertain Delmaster's whereabouts, and there is no evidence that Delmaster will suffer prejudice if she is served outside the 90-day deadline set forth in Rule 4(m). Accordingly, Delmaster's motion to dismiss for inadequate service of process

2

is denied, and plaintiff's motion for extension of time is granted. The deadline for service by publication is extended to February 15, 2017.[1]

B. Form of Process

A motion under Rule 12(b)(4) challenges the sufficiency of process. See Fed. R. Civ. P. 12(b)(4). "When the process gives the defendant actual notice of the pendency of the action, the rules . . . are entitled to a liberal construction" and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Nevertheless, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Id.

Pursuant to Rule 4(a), "[a] summons must: (A) name the court and the parties; (B) be directed to the defendant; (C) state the name and address of the plaintiff's attorney or—if unrepresented —of the plaintiff; (D) state the time within which the defendant must appear and defend; (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; (F) be signed by the clerk; (G) bear the court's seal." Fed. R. Civ. P. 4(a).

In the instant matter, Delmaster has submitted no evidence, nor advanced any argument, in support of her contention that the summons at issue in this case failed to comply with the foregoing requirements. Therefore, Delmaster has not demonstrated deficiency in the form of process that

---

[1] The court notes plaintiff filed on the docket documents styled as "notice of service of process by publication," (DE 25), and "amended service by publication." (DE 26). These documents, however, do not constitute service by publication, as authorized by Rule 4(k)(1)(A) and North Carolina Rule of Civil Procedure 4(j1). Particularly, the former document does not constitute a newspaper publication as required by North Carolina Rule of Civil Procedure 4(j1), and while plaintiff submitted evidence that the latter document was published in a newspaper, plaintiff has not yet submitted evidence that the notice was in publication for three successive weeks as required by the same rule. Nor do the foregoing documents constitute proof of service as required by Rule 4(*l*). Therefore, plaintiff shall effect service by publication according to the requirements of North Carolina Rule of Civil Procedure 4(j1) and, thereafter, file proof of service on the docket as required by Rule 4(*l*).

3

plaintiff attempted to serve. See Fed. R. Civ. P. 12(b)(4). Thus, to the extent Delmaster moves for dismissal under Rule 12(b)(4), the motion is denied.

C.     Personal Jurisdiction

Rule 4(k)(1)(A) provides that "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located . . . ." Fed. R. Civ. P. 4(k)(1)(A). Absent proper service, a court does not have personal jurisdiction over a defendant. Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998). Furthermore, "any judgment entered against a defendant over whom the court does not have personal jurisdiction is void." Id. at 306–07.

Based on the foregoing rules, the court agrees that personal jurisdiction has not yet been established in this case since plaintiff has not effected service upon Delmaster. However, where the court grants plaintiff's request for additional time to effect service, Delmaster's motion to dismiss for lack of personal jurisdiction is unripe. Therefore, the motion is denied.

## CONCLUSION

Based on the foregoing, the court GRANTS plaintiff's request for additional time to effect service upon Delmaster. The deadline to serve process upon Delmaster by publication is EXTENDED to February 15, 2017. Thereafter, plaintiff is DIRECTED to file proof of service on the docket as set forth in this order. Accordingly, and for the reasons set forth above, Delmaster's motion to dismiss is DENIED. The parties are DIRECTED to comply with the case management order, entered concurrently with this order.

SO ORDERED, this the 18th day of January, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge